# UNITED STATES DISTRICT COURT

for the

District of Wyoming

) Case No. _2ୠCV156-SWS_

**Bruce B Williams**

*Plaintiff(s)*

-v-

**The City of Gillette WY**

*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## ADDENDUM A

## FACTUAL BACKGROUND (SELECTED EXAMPLES)

## 1. Invocation Requests and Unequal Access

1. In June 2014, Plaintiff met with City officials, including the City Attorney and City Administrator, regarding giving invocations.

2. Plaintiff was allowed to give an initial invocation but was denied additional population representative number invocations.

3. During the same period, Christian speakers were regularly scheduled to give multiple invocations.

4. This pattern continued in subsequent years, with Plaintiff receiving fewer population percentage opportunities than other speakers.

5. In multiple years between 2014 and 2022, Plaintiff was not granted any of the 47 double invocations slots granted to Christians despite originally requesting them.

## 2. Statements by City Officials

6. During the 2014 meeting, Plaintiff was informed that the City did not have to allow Plaintiff more than one invocation.

7. Plaintiff was also told that invocation opportunities were limited based on the number of churches and meetings per year.

8. Plaintiff later observed that fewer organizations were actually participating than stated.

## 3. Conduct During Plaintiff's Invocations

9. On multiple occasions, including in 2014, 2015, and 2016, City Council members walked out during Plaintiff's invocation.

10. The City took no action to address or correct this conduct.

11. Official recordings of those meetings did not show the walkouts in the same manner as other meeting official recordings did and did not show the council members actions fully.

## 4. Use of Private Religious Organization

12. In or about January 2023, Plaintiff learned that a private religious organization, the Gillette Pastors Fellowship, was controlling invocation scheduling.

13. That organization selected who would give invocations and when, without direct oversight by the City.

14. Plaintiff had not been informed of this arrangement prior to that time.

## 5. Requests to Address the City Council

15. In January 2023, Plaintiff requested a meaningful opportunity to address the City Council regarding invocation practices and monument placement.

16. Plaintiff specifically requested time and place of discussion communication in written form to preserve an accurate record.

17. The City Attorney did not use any form of permanent record when talking with Plaintiff.

18. The City limited Plaintiff to a brief 2 minute public comment period rather than allowing a full discussion.

## 6. Pledge of Allegiance Incidents

19. In 2021 and 2022, during City Council meetings, the Mayor asked Plaintiff to lead or participate in the Pledge of Allegiance immediately after Plaintiff's invocation.

20. The Mayor was aware of Plaintiff's beliefs at the time of these requests.

## 7. Monument Placement

21. The City has allowed a Ten Commandments monument to remain in a public park for many years.

22. Plaintiff sought to place a monument of similar size and nature in the same area.

23. Plaintiff complied with the requirements communicated by City personnel, including design and installation preparations.

24. Plaintiff incurred significant expense in constructing the monument.

25. In June and July 2023, Plaintiff began installation of the monument.

26. The City stopped the installation and later denied approval.

27. The denial was made without clearly defined or consistently applied standards.

28. At or around the same time, the City approved requests from other organizations without requiring similar participation or conditions.

## 8. Ongoing Pattern

29. The events described above occurred over a period of years.

30. Plaintiff repeatedly sought equal participation in City programs and access to public forums.

31. The City consistently treated Plaintiff differently from other participants.

Respectfully submitted

*Bruce B Williams*

Bruce B Williams

Pro se plaintiff
4807 Milton St
Gillette, WY 82718
jfl.just.for.legal@gmail.com
307-622-6138